UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES E. BROWN,
Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-583

McFarland, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on petitioner's motion requesting trial discovery (Doc. 25), motion to appoint counsel (Doc. 27), and motion to provide transcripts (Doc. 28).

For the reasons stated below, petitioner's motions are **DENIED**.

**A. Motion for Counsel**

First, with respect to petitioner's motion to appoint of counsel, there is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Pursuant to 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991). Circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912

F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990). *See also Reese,* 946 F.2d at 264. Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

After consideration of petitioner's motion, it appears at this juncture in the proceedings that the issues to be decided will be straightforward and capable of resolution on the record. Accordingly, petitioner's motions to appoint counsel (Doc. 27) is **DENIED**.

**B. Discovery and Transcripts**

In his remaining motions, petitioner requests pre-trial and trial transcripts, including transcripts from March 8, 2013 and October 15, 2013. (Doc. 25). He further requests production of sentencing transcripts and a copy of a certified laboratory report. (Doc. 28). Petitioner does not specify why the requested documents are material to his grounds for relief, aside from generally stating that he requires the documents to rebut the presumption under 28 U.S.C § 2254(e)(1) that determination of factual issues made by the state courts are presumed to be correct. (*See* Doc. 28 at PageID 456).

Unlike the typical civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley,* 520 U.S. 899, 904 (1997); *see also Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). Discovery is available only at the discretion of the court and for good cause shown. Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Habeas Rule 6 embodies the principle that a court must provide

discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)); *see also Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams,* 380 F.3d at 974 (quoting *Stanford,* 266 F.3d at 460).

At this juncture in the proceedings the undersigned is not persuaded that the requested documents are material or otherwise necessary for the adjudication of petitioner's grounds for relief in light of the extensive record already before the Court. Should the Court determine that the additional materials are necessary to the adjudication of the petition, the Court will order production of such materials at that time. Accordingly, petitioner's motions (Doc. 25, 27, 28) are **DENIED.**

**IT IS SO ORDERED.**

Date: 3/18/2020                                       *s/Karen L. Litkovitz*
                                                      Karen L. Litkovitz
                                                      United States Magistrate Judge