# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES E. BROWN,  
      Petitioner,

vs.

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
      Respondent.

Case No. 1:17-cv-583

McFarland, J.  
Litkovitz, M.J.

**SUPPLEMENTAL REPORT  
AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I. Background

On August 20, 2018, this action was stayed so that petitioner could exhaust his state court remedies. (Doc. 10). Specifically, petitioner sought to appeal from the trial court's denial of a post-conviction petition. (*See* Doc. 6 at PageID 23; Doc. 7, Ex. 1). Petitioner raised the following five claims in the petition:

1. Petitioner was deprived of his Sixth Amendment right to counsel as his trial counsel was ineffective as Trial Counsel did not engage the services of B.C.I. Laboratory Technician to assist in the Petitioner defense.

2. Petitioner was deprived of his Sixth Amendment Right to Counsel as trial counsel was ineffective as trial counsel did not engage the services of a certified D.N.A. Expert to assist in the Petitioner defense.

3. Petitioner was deprived of his Sixth Amendment Right to Counsel as his trial counsel was ineffective as trial counsel did not engage in the services of a video and audio expert to assist in the Petitioner defense, nor did trial counsel make any effort to file a motion to make use of the video and audio.

4. Petitioner was deprived of his Sixth Amendment Right to Counsel as his trial counsel was ineffective by not bringing to light evidence relating to the Tampering with Evidence count (count 7) of the state's indictment in the light of the not Guilty Verdict by the Duly Empaneled Jury.

5. Petitioner was deprived of his Sixth Amendment Right to Counsel as his trial counsel was ineffective as trial counsel did not provide an Effective Discovery required by Criminal Rule 16, and therefore violated Petitioner Fifth, Sixth, and Fourteenth Amendment of the U.S. Constitution and Article 1 Section 10 and 16 of the Ohio Constitution.

(Doc. 21, Ex. 26). The trial court found that the petition was untimely and barred by the doctrine of *res judicata*. (Doc. 21, Ex. 31 at PageID 298). Petitioner unsuccessfully appealed the decision to the Ohio Court of Appeals and Ohio Supreme Court. (Doc. 21, Ex. 32, 33, 36, 38, 39, 40, 41). As discussed below, the Ohio Court of Appeals upheld the judgment of the trial court, finding that petitioner "failed to submit supporting affidavits or documentary evidence to satisfy his burden to set forth sufficient operative facts to establish substantive grounds for relief" and that his claims were barred by the doctrine of *res judicata*.[1] (Doc. 21, Ex. 36 at PageID 336-39).

Petitioner reinstated this action on June 25, 2019. (Doc. 13). On August 22, 2019, petitioner filed an amended petition raising the following two grounds for relief:

**GROUND ONE:** Trial court erred in denying petitioner's motion to dismiss.

Supporting facts: The trial court erred in failing to dismiss the charges against Brown when he was denied his right to a speedy trial. Additionally this failure to provide a speedy trial is a violation of Brown's fundamental rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.

**GROUND TWO:** The trial court erred in denying Brown's motion to suppress when the evidence collected was the result of an unlawful detention.

Supporting facts: The trial court erred in denying Brown's motion to suppress as the statements made by Brown and the items obtained from the search were elicited in violation of his constitutional rights under the Fourth and Fourteenth

---

[1] The Ohio appeals court agreed with petitioner that the trial court incorrectly determined that the post-conviction petition was untimely but found the error harmless because the claims were barred under the doctrine of *res judicata*. (*See* Doc. 21, Ex. 36 at PageID 334).

Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

(*See* Doc. 19-1).[2]  In his traverse, petitioner also included the following two grounds for relief:

**GROUND THREE:**  The trial court erred in dismissing petitioner['s] petition for postconviction relief pursuant to R.C. 2953.21(A)(2), as being untimely, when in fact the petition was filed within the 180 days after the date on which the trial transcript was filed in the court of appeals.  Additionally, this failure is a violation of Brown's fundamental rights guaranteed by the First, Fifth, and Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

**GROUND FOUR:**  The trial court abused its discretion, when it applied res judicata to a manifest miscarriage of justice claim in violation of appellant's First, Fifth, and Fourteenth Amendment rights to petition the government for redress of injuries, and meaningful access to its courts under the U.S. Constitution.

(*See* Doc. 46 at PageID 511).  Petitioner did not raise the underlying ineffective assistance of counsel claims presented in his post-conviction petition as grounds for federal habeas corpus relief.

On October 4, 2021, the undersigned issued a Report and Recommendation addressing petitioner's grounds for relief, which remains pending before the district judge.  (Doc. 47).  The undersigned recommended that the petition be denied on the ground that petitioner's speedy trial claim raised in Ground One is without merit; petitioner's second ground for relief challenging the search and seizure of evidence under the Fourth Amendment is barred from review under *Stone v. Powell*, 428 U.S. 465 (1976); and Grounds Three and Four, alleging errors in the adjudication of his post-conviction, petition are non-cognizable.  (*See* Doc. 47).

Petitioner subsequently filed a motion to expand the record to include a video recording

---

[2]  Petitioner filed motions to amend the petition on August 7, 2019 and August 22, 2019.  (Doc. 16, 19).  The August 7, 2019 motion did not include a copy of the proposed amended complaint.  Petitioner's second motion to amend included the proposed amended complaint raising the above two grounds for relief.  (*See* Doc. 19).

of the traffic stop giving rise to his convictions and sentence. (Doc. 50). Petitioner claims that the recording is intended to permit this Court to assess whether his trial counsel was ineffective.[3] Petitioner also includes arguments regarding the claims of ineffective assistance of counsel raised in his post-conviction petition in his objections. (*See id.* at PageID 595-96).

The Court again notes that petitioner has never raised his ineffective assistance of trial counsel claims as grounds for relief in any habeas petition before this Court. Nevertheless, out of an abundance of caution and in the interest of completeness, the Court issues this Supplemental Report and Recommendation to address these purported claims. For the reasons stated below, to the extent that petitioner may intend to raise the underlying ineffective assistance of counsel claims asserted in his post-conviction petition as grounds for federal habeas relief in this action, his claims are procedurally defaulted and waived.

## II. Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d

---

[3] By separate Order issued this date, petitioner's motion to expand the record was denied.

4

313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or

if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from the procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner raised his ineffective assistance of counsel claims in his October 3, 2014 post-conviction petition. (*See* Doc. 21, Ex. 26). As noted above, the Ohio Court of

Appeals affirmed the judgment of the trial court, finding that petitioner failed to submit supporting evidence to satisfy his burden to set forth sufficient operative facts to establish substantive grounds for relief and that his claims—which the appeals court found could have been raised on direct appeal—were barred by the doctrine of *res judicata*.  (*See* Doc. 21, Ex. 36 at PageID 336-39).

Ohio law provides that an issue that was raised or could have been raised on direct appeal is barred from consideration in a post-conviction proceeding by the doctrine of *res judicata*.  *See State v. Perry*, 226 N.E.2d 104, 105-06 (Ohio 1967) (syllabus); *State v. Combs*, 652 N.E.2d 205, 209 (Ohio App. 1 Dist. 1994) (holding that *res judicata* stops post-conviction relief for claims that could have been raised on direct appeal).  The Sixth Circuit has found the application of *res judicata* to be an adequate and independent state ground to foreclose habeas relief.  *See*, e.g., *Landrum v. Mitchell*, 625 F.3d 905, 934 (6th Cir. 2010) ("The Ohio Court of Appeals's reliance on *res judicata* was an adequate and independent state ground to foreclose habeas relief in federal court.").  *See also Fautenberry v. Mitchell*, 515 F.3d 614, 633 (2008); *Lundgren v. Mitchell*, 440 F.3d 754, 765 (2006); *Williams* v. *Bagley*, 380 F.3d 932, 967 (2004).  Petitioner argued on appeal of the denial of his post-conviction petition and in Ground Four that the trial court misapplied *res judicata* to his claims.  However, as noted in the October 4, 2021 Report and Recommendation, errors in post-conviction petitions are not cognizable in federal habeas corpus.  (Doc. 47 at PageID 564-65).  Furthermore, "[g]enerally, a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law."  *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001) (noting that Ohio's *res judicata* rule is a matter of state law).

In any event, petitioner committed a second procedural default by failing to support his post-conviction petition, ineffective assistance of counsel claims with supporting affidavits or documentary evidence.  Under Ohio law, a petitioner filing a post-conviction petition "bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel" and that counsel's ineffectiveness prejudiced the defense.  *State v. Calhoun*, 714 N.E.2d 905, 910 (1999) (quoting *State v. Jackson*, 413 N.E.2d 819, 823 (1980)).  In this case, the Ohio Court of Appeals found that dismissal of the post-conviction petition was proper because petitioner "failed to submit supporting affidavits or documentary evidence to satisfy his burden to set forth sufficient operative facts to establish substantive grounds for relief."  (Doc. 21, Ex. 36 at PageID 336-39).  The Sixth Circuit has observed that this procedural rule has been routinely and regularly applied in the Ohio courts and that dismissal on this basis is a sufficient basis for finding a procedural default.  *See Sowell v. Bradshaw*, 372 F.3d 821, 829-30 (6th Cir. 2004) ("The Sixth Circuit has recognized Ohio courts' dismissal for failure to provide documentation as a sufficient basis for finding a procedural default."); *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002) (noting that the "procedural rule has been routinely and regularly applied in the Ohio courts" and the failure to present sufficient documentary evidence in support of a post-conviction petition can result in a procedural default).  *See also Lynch v. Hudson*, No. 2:07-cv-948, 2009 WL 483325, at *19 (S.D. Ohio, Feb. 25, 2009).

Consequently, petitioner has procedurally defaulted and waived his ineffective assistance of counsel claims absent a showing of cause for the default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage

of justice." *See Coleman,* 501 U.S. at 750. *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. No such showing has been made in this case.

Accordingly, in sum, petitioner is not entitled to federal habeas relief based on the ineffective assistance of counsel claims raised in his October 3, 2014 post-conviction petition. For the reasons stated above, these claims are procedurally defaulted and waived.

## IT IS THEREFORE RECOMMENDED THAT:

1. The October 4, 2021 Report and Recommendation (Doc. 47) be adopted in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED** with prejudice.

2. To the extent that petitioner seeks federal habeas relief based on the ineffective assistance of counsel claims raised in his October 3, 2014 post-conviction petition, these claims are procedurally defaulted and waived and should be **DENIED** with prejudice.

3. A certificate of appealability should not issue with respect to the claims discussed herein, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[4] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/16/2022

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES E. BROWN,                                        Case No. 1:17-cv-583
      Petitioner,

                                    McFarland, J.
      vs.                                          Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11